FILED

2010 Mar-04  PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **EVA NOLAND** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER:** _____ |
| | ) | |
| **v.** | ) | |
| | ) | **Pending in the Small Claims Court of** |
| | ) | **Greene County Alabama** |
| | ) | **Case No: SM 2010-900007.00** |
| | ) | |
| **ALLIED INTERSTATE, INC.** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>NOTICE OF REMOVAL</u>

COMES NOW the defendant, Allied Interstate, Inc. ("Allied"), and hereby removes the above styled action from the Small Claims Court of Greene County, Alabama pending as Civil Action Number: SM 2010-900007.00, to this United States District Court for the Northern District of Alabama, Western Division by stating as follows:

1.     The Plaintiff served Allied with the Summons and Complaint on or about March 1, 2010.

2.     The Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") on the part of Allied.

{W0251853.1 }

3.    The United States District Court for the Northern District of Alabama, Western Division encompasses the geographic area of the Small Claims Court of Greene County, Alabama.

4.    Copies of all process and pleadings served upon Allied in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit A.

5.    Defendant Allied gives prompt notice of its filing this Notice of Removal to all parties and to the Small Claims Court of Greene County, Alabama, by filing a Notice of Filing Notice of Removal, attached as Exhibit B, together with a copy of this Notice of Removal, in the Small Claims Court of Greene County, Alabama, and by serving same on all parties as provided in 28 U.S.C § 1446(d).

## Jurisdiction Based Upon Federal Question

6.    Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.    The Complaint explicitly alleges claims against Allied pursuant to the FDCPA.

8.    The FDCPA provides: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

9.     Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

10.     According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

11.     Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties."

12.     When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT & T Corp.*, 138 F.3d 46, 52 (2nd Cir. 1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2nd Cir. 1987) (*stating* "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law").

13.     Because the Complaint explicitly alleges claims against Allied pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).

**<u>Removal is Timely</u>**

14.     The Plaintiff filed his Complaint on February, 3 2010, which raised a federal question by alleging a violation of the FDCPA.

15.     Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

16.     This action became removable on March 1, 2010 when Allied received a copy of the Summons and Complaint.

17.     Therefore, this notice is being filed with this Court within thirty (30) days after Allied received a copy of the initial Pleadings.

WHEREFORE, PREMISES CONSIDERED, Allied Interstate, Inc., respectfully requests this Court to enter an order effecting the removal of this action from the Small Claims Court of Greene County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Small Claims Court.

DATED this 3rd day of March, 2010.

Neal D. Moore, III          (MOO 073)
Larry Young, Jr.            (YOU049)
*Attorneys for Defendant Allied Interstate, Inc.*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 – fax

{W0251853.1 }

## CERTIFICATE OF SERVICE

This is to certify that on this the 3rd day of March 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

_____mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____hand delivery

_____via facsimile

\_\_\_\_\_X\_\_\_\_\_   E-File

Christopher S. Linton
Blankenship, Harrelson & Linton, LLC
2001 Park Place North, STE 825
Birmingham, AL 35203
Phone: (205)912-8241
Fax:    (205)912-8253
Chris.linton@bhlattoneys.com

_____
OF COUNSEL

# EXHIBIT A

## Case Action Summary - 35SM201090000700

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 02/03/2010 | 4:32:17 | EFILE | COMPLAINT E-FILED. | LIN042 |
| 02/03/2010 | 4:33:03 | FILE | FILED THIS DATE: 02/03/2010          (AV01) | AJA |
| 02/03/2010 | 4:33:04 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 02/03/2010 | 4:33:05 | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 02/03/2010 | 4:33:06 | ASSJ | ASSIGNED TO JUDGE: HON. LILLIE JONES-OSBORNE(AV01) | AJA |
| 02/03/2010 | 4:33:07 | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 02/03/2010 | 4:33:08 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 02/03/2010 | 4:33:09 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 02/03/2010 | 4:33:10 | D001 | D001 PARTY ADDED: ALLIED INTERSTATE,INC.   (AV02) | AJA |
| 02/03/2010 | 4:33:11 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 02/03/2010 | 4:33:12 | SUMM | CERTIFIED MAI ISSUED: 02/03/2010 TO D001   (AV02) | AJA |
| 02/03/2010 | 4:33:13 | EORD | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 02/03/2010 | 4:33:14 | EFILE | COMPLAINT - SUMMONS | |
| 02/03/2010 | 4:33:16 | ATTY | LISTED AS ATTORNEY FOR C001: LINTON CHRISTOPHER S | AJA |
| 02/03/2010 | 4:33:17 | EORD | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 02/03/2010 | 4:33:18 | C001 | C001 PARTY ADDED: NOLAND EVA          (AV02) | AJA |
| 02/10/2010 | 11:58:24 | DAT1 | SET FOR: COLLECTION ON 05/26/2010 AT 0900A  (AV01) | VEM |

| State of Alabama<br>Unified Judicial System<br>Form SM-7   Rev. 6/07 | **SMALL CLAIMS<br>SUMMONS** | **Case Number:**<br>35-SM-2010-900007.00 |
|---|---|---|

IN THE SMALL CLAIMS COURT OF ___GREENE_____ , ALABAMA

*(Name of County)*

## EVA NOLAND v. ALLIED INTERSTATE,INC.

| Plaintiff | Defendant |
|---|---|

| Plaintiff's<br>Home Address | Defendant's<br>Home Address |
|---|---|
| EVA NOLAND<br>8235 COUNTY ROAD 191<br>EUTAW, AL 35462 | ALLIED INTERSTATE,INC.<br>800 INTERCHANGE W<br>MINNEAPOLIS, MN 55426 |

Plaintiff's Attorney's
Address

CHRISTOPHER SHAWN LINTON

2001 PARK PLACE N. STE. 825
BIRMINGHAM, AL 35203

**TO THE ABOVE NAMED DEFENDANT:**

The Statement of Claim (Complaint) which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written answer either admitting or denying each allegation in the Statement of Claim (Complaint) to the plaintiff's attorney(s) shown above or in the attached document. Fill out the enclosed answer form and deliver or mail it to the court clerk.

This answer must be mailed or delivered within 14 days after this summons and Statement of Claim (Complaint) were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the Statement of Claim (Complaint). You must also file the original of your answer with the clerk of this court.

### INSTRUCTIONS TO SHERIFF OR PROCESS SERVER

☐ To any sheriff or any person authorized by Rule 4 of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the Statement of Claim (Complaint) in this action upon defendant(s).

☑ This service by certified mail of this summons is initiated upon the written request of ___EVA NOLAND_____
This service by certified mail of this summons is initiated upon the

| 2/3/2010 4:32:17 PM | /s ETTA B. EDWARDS |
|---|---|
| **Date** | **Clerk**<br>**Clerk Address:**<br>400 MORROW AVENUE<br>EUTAW, AL 35462 |

**RETURN ON SERVICE:**

☐ Certified mail return receipt in this office on (Date) _____(Return Receipt hereto attached)

☐ I certify that I personally delivered a copy of the summons and Statement of Claim (Complaint) to _____

_____

in _____ , Alabama on (Date) _____

*(Name of County)*

_____          _____
**Date**                                              **Server Signature**

_____          _____
**Server Address**                                              **Title of Process Server**

_____          _____
**Server's Telephone Number**                                              **Server Email**

ELECTRONICALLY FILED
2/3/2010 4:32 PM
SM-2010-900007.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
ETTA B. EDWARDS, CLERK

**IN THE SMALL CLAIMS COURT OF GREENE COU...**

| | |
|---|---|
| EVA NOLAND,<br>    PLAINTIFF, | }<br>}<br>} |
| | } CASE NO.: |
| vs. | }<br>} |
| ALLIED INTERSTATE, INC.,<br>    DEFENDANT. | }<br>}<br>}<br>} |

## <u>COMPLAINT</u>

### *Jurisdiction*

1.   The Plaintiff resides in Greene County, Alabama.

2.   The Defendant conducted business in Greene County, Alabama.

3.   This action is brought pursuant to the Fair Debt Collection Practices Act, 15 USC §§ 1692, *et seq* (hereinafter referred to as the "FDCPA").

4.   The FDCPA provides for jurisdiction in United States District Courts and any other court of competent jurisdiction.

5.   The conduct complained of herein occurred in the county in which this Complaint was filed.

### *Parties*

6.   The Plaintiff is a consumer as defined in the FDCPA.  The terms Plaintiff and consumer are used interchangeably herein.

7.   The Defendant is a debt collector as defined in 15 U.S.C. § 1692a(6).

8.   The Defendant is a collection agency as defined in Alabama Code §§ 40-12-1, *et seq.*

### *General Averments*

9.     Alabama Code § 40-12-2(a) provides that:

> Before any person, firm, or corporation shall engage in or carry on any business or do any act for which a license by law is required, he, they, or it, except as otherwise provided, shall pay to the judge of probate of the county in which it is proposed to engage in or carry on such business or do such act, or to the commissioner of licenses or the state Department of Revenue, as specified, the amount required for such license and shall comply with all the other requirements of this title.

10.    Alabama Code § 40-12-9(a) provides that:

> It shall be unlawful for any person, firm, or corporation to engage in or carry on any business, or do any act for which a license is required now or may hereafter be by law, without having first paid for and taken out a license therefor in the manner in this title provided. Any person who is convicted of failing to take out and pay for the license required shall be fined not less than the amounts of all licenses required of him and, if convicted for refusing to take out the license shall, on conviction, be fined not less than the amount of the state and county license due by him and not more than $100 in addition thereto, and may be sentenced to hard labor for the county for not more than six months, all fines to be paid in money; and, when collected, two thirds shall be paid to the state and one third to the county.

11.    Alabama Code § 40-12-18 provides that:

Any person who acts as agent for any person, firm, or corporation liable for the payment of a license or privilege tax, without said license or privilege tax having been paid, shall on conviction be fined in a sum equal to the state and county license, and not more than $100 in addition thereto, and may also be sentenced to hard labor for the county for not more than six months.

12.    Alabama Code § 40-12-27 provides that:

If the law annexes a penalty for each or every violation of its provisions, or for each separate offense, it shall be lawful to hold that each day's continuance in the exercise of any business, employment, or profession, for which a license is required, constitutes a separate offense.

13.    Alabama Code § 40-12-40 provides that:

Every person, firm, company, corporation or association, receiver or trustee, but not a governmental subdivision, engaged in any business, vocation, occupation, calling, or profession herein enumerated or who shall exercise any privilege hereinafter described for which a license or privilege tax is required shall first procure a state license, and a county license when so required, and shall pay for the same or shall pay for the exercise of such privilege the amounts hereinafter provided, and comply with all other provisions of this title.

14.    Alabama Code § 40-12-80 provides that:

Each collection agency shall pay the following license tax: In towns

and cities of 20,000 or more inhabitants, $100; in towns and cities of less than 20,000 inhabitants, $25. Each person who shall employ agents to solicit claims for collection from persons, firms, or corporations in the state shall be deemed a collection agency within the meaning of this section. This section shall not apply to any person who is excluded from the definition of the term "debt collector" under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

15.   The Defendant communicated and /or attempted to communicate with Plaintiff.

16.   The Defendant collected and /or attempted to collect a debt from Plaintiff.

17.   The Defendant failed to procure a license and/or failed to pay the license tax required under Alabama law.

18.   The Defendant collected a debt and/or attempted to collect a debt from Plaintiff without first procuring a license and/or failed to pay the license tax required under Alabama law.

19.   The Defendant's conduct complained of herein was frequent and/or persistent and/or intentional.

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

20.   The FDCPA prohibits a debt collector from communicating with a consumer[1] in connection with any debt — at any unusual time or place, unless the consumer has consented to the communication or a court has so ordered.  15 U.S.C. § 1692c(a)(1).

---

[1] For the purpose of this paragraph, the term "consumer" is any natural person obligated or allegedly obligated to pay a debt, 15 U.S.C. § 1692a(3), including the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.  15 U.S.C. § 1692c(d).

21. Each and every communication with the consumer without first acquiring a license and/or paying a license tax required by Alabama law was at an usual time and/or an usual place in that no communication should have been made at all without first acquiring said license and paying said tax.

22. The Plaintiff, who is a consumer, did not consent to said communication.

23. No court has ordered said communication.

24. The FDCPA prohibits a debt collector from communicating with a consumer[2] in connection with any debt – at a time or place known or which should be known to be inconvenient to the consumer, unless the consumer has consented to the communication or a court has so ordered. 15 U.S.C. § 1692c(a)(1).

25. Each and every communication with the consumer without first acquiring a license and/or paying a license tax required by Alabama law was at an inconvenient time and/or an inconvenient place in that no communication should have been made at all without first acquiring said license and paying said tax.

26. The Plaintiff, who is a consumer, did not consent to said communication.

27. No court has ordered said communication.

28. The FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

29. Each and every communication with the Plaintiff without first acquiring a license and/or paying a license tax required by Alabama law harassed and/or oppressed

---

[2] For the purpose of this paragraph, the term "consumer" is any natural person obligated or allegedly obligated to pay a debt, 15 U.S.C. § 1692a(3), including the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator. 15 U.S.C. § 1692c(d).

and/or abused a person, namely the Plaintiff, in that in that no communication should have been made at all without first acquiring said license and paying said tax.

30.   The FDCPA prohibits a debt collector from using criminal means or threatening the use of criminal means to harm the physical person, reputation, or property of any person.  15 U.S.C. § 1692d(l).

31.   Each and every time the Defendant carried on any business and /or did any act without first acquiring a license and paying the license tax it was a crime punishable by fines and "hard labor ... for the county."  Ala. Code § 40-12-9(a). The carrying on of business was a criminal means for the purposes of the FDCPA. Each and every act of the Defendant within the jurisdiction was a criminal means for the purposes of the FDCPA.

32.   The Defendant threatened to harm the Plaintiff's reputation by making an adverse report to credit reporting agencies and /or the Defendant threatened to harm the Plaintiff's property by taking Plaintiff's money without first acquiring a license and paying the license tax as required under Alabama law.

33.   To attempt to collect a debt without first acquiring a license and paying the license tax as required under Alabama law is a criminal means.

34.   The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

35.   While attempting to collect a debt and/or while collecting a debt, the Defendant communicated that it was a debt collector when, in fact, it had not first acquired a

license and paid the license tax required under Alabama law to be a collection agency/debt collector.

36.　　The FDCPA prohibits a debt collector from representing or even implying that it is vouched for, bonded by, or affiliated with the United States or any State and a debt collector cannot use any badge or uniform of the United States or any state. 15 U.S.C. § 1692e(1).

37.　　The Defendant implied that it was vouched for (to the extent that licensing is vouching) by the State of Alabama when, in fact, it was not.

38.　　The FDCPA prohibits a debt collector from the false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.  15 U.S.C. § 1692e(2)(B).

39.　　The Defendant falsely represented that it was providing the service of debt collection when it has not first acquired a license and/or paid the license fee required to be a collection agency/debt collector under Alabama law.

40.　　The FDCPA prohibits a debt collector from threatening any action that cannot legally be taken or that is not intended to be taken.  15 U.S.C. § 1692e(5).

41.　　The Defendant threatened to collect a debt when the act of collecting a debt could not legally be taken.  It was not a legal action for the Defendant to act as a collection agency/debt collector without first acquiring a license and paying a license tax as required by Alabama law.

42.　　The FDCPA prohibits a debt collector from using or distributing any written communication which simulates or falsely represents a document authorized, issued, or approved by any court, official, or agency of the United States or any

State, or which creates a false impression as to its source, authorization or approval. 15 U.S.C. § 1692e(9).

43.   The Defendant used and/or communicated a written communication which falsely represented it was authorized and/or approved by the State of Alabama to the extend that licensing authorizes and/or approves a business to operate within its jurisdictional boundaries when it did not first acquire a license and pay a license tax as required by Alabama law.

44.   The FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

45.   While collecting a debt and/or attempting to collect a debt, the Defendant falsely represented that it was a collection agency/debt collector without first acquiring a license and paying the license tax required by Alabama law.

46.   While collecting a debt and/or attempting to collect a debt, the Defendant used the deceptive means of representing that it was a collection agency/debt collector without first acquiring a license and paying the license tax required by Alabama law.

47.   The FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

48.   Each and every act to collect a debt and/or to attempt to collect a debt without first acquiring a license and/or paying a license tax required by Alabama law was unfair.

49.   Each and every act to collect a debt and/or to attempt to collect a debt without first acquiring a license and/or paying a license tax required by Alabama law was

unconscionable.

50.    The debt collector's conduct was persistent and was a part of an on-going pattern

and/or practice of repeated, wrongful conduct by the debt collector during and

beyond the statute of limitations.

WHEREFORE, BASED ON THE FOREGOING, the Plaintiff demands judgment against

each named Defendant, separately and severally:

A. Any actual damage sustained by the Plaintiff;

B. Any additional damages as the court may allow, but not exceeding $1,000. 15 U.S.C. §

1692k(2)(A);

C. The costs of the action, together with a reasonable attorney's fee as determined by the

court.

Done this **3rd** day of **February**, 2010.

Respectfully Submitted,

*/s/ Christopher S. Linton*

Blankenship, Harrelson & Linton, LLC
2001 Park Place North, STE 825
Birmingham, AL 35203
Phone: (205)912-8241
Facsimile: (205)912-8253
Email: chris.linton@bhlattorneys.com

M12496_03_February_2010

| State of Alabama | STATEMENT OF CLAIM | Cas |
|---|---|---|
| Unified Judicial System | (Complaint) | 35-9 |
| Form SM-1 (front)   Rev.3/95 | General | |

ELECTRONICALLY FILED
2/3/2010 4:32 PM
SM-2010-900007.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
ETTA B. EDWARDS, CLERK

IN THE SMALL CLAIMS COURT OF _____GREENE_____

*(Name of County)*

EVA NOLAND                              v. ALLIED INTERSTATE,INC.

| **Plaintiff** | **Defendant** |
|---|---|

Plaintiff's
Home Address

EVA NOLAND
8235 COUNTY ROAD 191
EUTAW, AL 35462

Defendant's
Home Address

ALLIED INTERSTATE,INC.
800 INTERCHANGE W
MINNEAPOLIS, MN 55426

Plaintiff's Attorney's
Address

CHRISTOPHER SHAWN LINTON
2001 PARK PLACE N. STE. 825
BIRMINGHAM, AL 35203

---

### NOTICE TO EACH DEFENDANT – READ CAREFULLY

YOU ARE BEING SUED IN THE SMALL CLAIMS COURT BY THE PLAINTIFF(S) SHOWN ABOVE. THE JUDGE HAS NOT YET MADE ANY DECISION IN THIS CASE, AND YOU HAVE THE RIGHT TO A TRIAL TO TELL YOUR SIDE.

HOWEVER, IF YOU, OR YOUR LAWYER, FAIL TO FILL OUT THE ENCLOSED ANSWER FORM AND DELIVER OR MAIL IT TO THE CLERK AT THE ADDRESS SHOWN BELOW, SO THAT IT WILL GET TO THE CLERK'S OFFICE WITHIN FOURTEEN (14) DAYS AFTER YOU RECEIVE THESE PAPERS, A JUDGMENT CAN BE TAKEN AGAINST YOU FOR THE MONEY OR PROPERTY DEMANDED IN THE FOLLOWING COMPLAINT, ONCE A JUDGMENT HAS BEEN ENTERED AGAINST YOU, YOUR PAYCHECK CAN BE GARNISHED AND/OR YOUR HOME OR PROPERTY SOLD TO SATISFY THAT JUDGMENT.

### COMPLAINT

1. I claim the defendant owes the plaintiff the sum of $ ____1000.00____ because:

   Violations of FDCPA

2. Plaintiff also claims from the defendant court costs in the sum of $ ____111.00____ (see note below, plus $ _____ for interest and $____2000.00____ for lawyers' fees (only if plaintiff is represented by a licensed, practicing attorney and if the contract or note you signed so provides.)

NOTE: The total amount of court costs may be more than this amount when the case is finally settled. The clerk will inform you of any additional costs at the close of the case.

**CLERK'S ADDRESS:**

ETTA B. EDWARDS
400 MORROW AVENUE

EUTAW, AL 35462

Clerk's Phone No. 205-372-3598

____/s CHRISTOPHER SHAWN LINTON____
Plaintiff or Plaintiff's Attorney (Signature)

Attorney Code ___LIN042___

____(205) 912-8241____
Plaintiff or Plaintiff's Attorney's Phone Number

Date of Filing____02/03/2010____

*(See instructions on the Back)*

# EXHIBIT B

# IN THE SMALL CLAIMS COURT OF GREENE COUNTY, ALABAMA

**EVA NOLAND**                          )
                                        )
    **Plaintiff,**     )
                                        )
**v.**                                  )
                                        )   **Case No: SM 2010-900007.00**
                                        )
                                        )
**ALLIED INTERSTATE, INC.**             )
**LLC,**                                )
                                        )
    **Defendant.**     )

## <u>NOTICE TO CIRCUIT CLERK AND PLAINTIFF OF</u><br><u>FILING NOTICE OF REMOVAL</u>

TO:   Etta B. Edwards
      Circuit Clerk of Greene County
      400 Morrow Avenue
      Eutaw, Alabama 35462

      Christopher S. Linton
      Blankenship, Harrelson & Linton, LLC
      2001 Park Place North, STE 825
      Birmingham, AL 35203

**YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to the United

States District Court for the Northern District of Alabama, Western Division, in the case

of *Eva Noland v Allied Interstate, Inc.*, Civil Action No. 35 SM 2010-900007, in the

Small Claims Court of Greene County, Alabama, in accordance with the provisions of 28

U.S.C. § 1446. A copy of the Notice of Removal is attached hereto as Exhibit 1.

      DATED this 2nd day of March, 2010.

                        _____

                        Neal D. Moore, III,
                        Larry Young, Jr.
                        *Attorneys for Defendant Allied Interstate, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on this the 3rd day of March 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

_____mailing the same by first-class United States mail, properly addressed and postage pre-paid

_____hand delivery

_____via facsimile

_____X_____ E-File

Christopher S. Linton
Blankenship, Harrelson & Linton, LLC
2001 Park Place North, STE 825
Birmingham, AL 35203
Phone: (205)912-8241
Fax:    (205)912-8253
Chris.linton@bhlattoneys.com

_____
OF COUNSEL